UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OCTAVIO SALGADO,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>BRIAN WILLIAMS, SR., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-0220-JAD-PAL<br><br>ORDER<br><br>(Mtn to Produce – Dkt. #17)<br>(Mtn to Appoint Counsel – Dkt. #19)<br>(Mtn for Leave to Seal – Dkt. #21) |

This matter is before the court on Plaintiff Octavio Salgado's Motion to Produce Notice of Defendants' Documents (Dkt. #17) and Motion for Appointment of Counsel (Dkt. #19) and Defendants Cheryl Dressler's, Dr. Francisco Sanchez's, Dr. Romeo Aranas', Benedicto A. Gutierrez's, John Doglione's, and Dr. Robert Bannister's ("Defendants") Motion for Leave to File Medical Records Under Seal (Dkt. #21). The court has considered the Motions. Plaintiff is a prisoner proceeding in this civil rights action pro se and in forma pauperis.

**I.    Plaintiff's Motion to Produce Notices (Dkt. #17).**

The Motion represents that on October 18, 2013, the undersigned entered an Order (Dkt. #5) requiring the Attorney General's Office to file a notice advising the court and Plaintiff for whom it was accepting service. Plaintiff contends he never received this notice, and he requests an order directing the Attorney General's Office to provide him with the notice. After Plaintiff filed the Motion, Defendants filed a Notice of Compliance with Court Order (Dkt. #18). The Notice represents that the Attorney General filed the required Notices (Dkt. ##13, 14) on November 22, 2013, and mailed a copy of them to Plaintiff at that time. Additionally, Defendants mailed the notices again on December 6, 2013, in response to Plaintiff's Motion. *See* Letter to Plaintiff, attached as Exhibit 1 to Notice (Dkt. #18). Accordingly, Plaintiff's Motion is denied as moot.

/ / /

1

## II. Plaintiff's Motion for Appointment of Counsel (Dkt. #19).

Plaintiff has filed a form Motion requesting the court appoint counsel in a habeas case. This is a civil rights action, filed pursuant to 42 U.S.C. § 1983, and the federal habeas statutes cited in the Motion do not apply. Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint counsel to litigants proceeding in forma pauperis. That statute does not authorize courts to require counsel to represent such litigants but only to request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). In deciding whether to appoint counsel, the court should consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Furthermore, he has demonstrated sufficient ability to write and articulate his claims, and the facts alleged and legal issues raised are not especially complex. The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept appointment is very limited. Therefore, the request for appointment of counsel is denied.

## III. Defendants' Motion for Leave to File Medical Records Under Seal

Defendants seek leave to file Plaintiff's medical records under seal in support of their Motion for Summary Judgment (Dkt. #21). Plaintiff did not oppose the Motion. "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a

1  pre-indictment investigation, come within an exception to the general right of public access. *See*
2  *id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal
3  quotation marks and citation omitted).

4        A motion to seal documents that are part of the judicial record, or filed in connection with
5  a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana*. Thus,
6  a party seeking to seal judicial records must show that "compelling reasons supported by specific
7  factual findings . . . outweigh the general history of access and the public policies favoring
8  disclosure." *Kamakana*, 447 F.3d at 1178–79. The trial court must weigh relevant factors
9  including: "the public interest in understanding the judicial process and whether disclosure of the
10 material could result in improper use of the material for scandalous or libelous purposes or
11 infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th
12 Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a
13 motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in
14 deciding a motion to seal. *Pintos*, 605 F.3d at 679.

15       The court recognizes that the need to protect medical privacy has qualified as a
16 "compelling reason" for sealing records in connection with a dispositive motion. *See, e.g.*, *Hill*
17 *v. Baker*, No. 3:11–cv–00717–LRH–WGC, 2014 WL 177413 (D.Nev. Jan. 13, 2014); *San*
18 *Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL
19 89931, at *n.1 (N.D.Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, No. 09–
20 000545 SOM/BMK, 2010 WL 4715793, at *1–2 (D.HI. Nov. 15, 2010); *G. v. Hawaii*, Nos. 08–
21 00551 ACK–BMK, 09–00044 ACK–BMK, 2010 WL 2607483, at *1–2 (D.HI. June 25, 2010);
22 *Wilkins v. Ahern*, No. C 08–1084 MMC (PR), 2010 WL 3755654 (N.D.Cal. Sept. 24, 2010);
23 *Lombardi v. Tri West Healthcare Alliance Corp.*, No. CV–08–02381–PHX–FJM, 2009 WL
24 1212170, at *1 (D.Ariz. May 4, 2009).

25       The court finds that the moving Defendants have established compelling reasons exist for
26 the records to be filed under seal because balancing the need for the public's access to Plaintiff's
27 health records against the need to maintain their confidentiality weighs in favor of sealing the
28 / / /

3

1  records.  Therefore, Defendants' Motion is granted and the medical records proffered in support
2  of the Motion for Summary Judgment (Dkt. #22) shall remain under seal.
3       Based on the foregoing,
4  **IT IS ORDERED:**
5      1. Plaintiff's Motion to Produce Notice of Defendant's Documents (Dkt. #17) is
6         DENIED AS MOOT.
7      2. Plaintiff's Motion for Appointment of Counsel (Dkt. #19) is DENIED.
8      3. Defendants' Motion for Leave to File Medical Records Under Seal (Dkt. #21) is
9         GRANTED.  Plaintiff's medical records submitted under seal (Dkt. #22) shall
10        remain under seal.
11 Dated this 27th day of May, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4